UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD VANHAZEL,

        Petitioner,

v.                                         CASE NO. 2:06-cv-13159
                                              HONORABLE GEORGE CARAM STEEH

GREG MCQUIGGIN,

        Respondent.
_____/

## ORDER OF DISMISSAL

Richard VanHazel has filed a habeas corpus petition, which challenges his state convictions for conspiracy to commit murder, attempted kidnapping, carrying a concealed weapon, and two counts of felony firearm. The trial court sentenced Petitioner as a habitual offender to two concurrent terms of two years for the felony firearm convictions, followed by concurrent terms of life imprisonment for the conspiracy, three and a half to fifteen years for the attempted kidnapping, and two to seven and a half years for carrying a concealed weapon. *See People v. Van Hazel*, 2002 WL 1360382 (Mich. Ct. App. June 21, 2002) (unpublished opinion).

The pending habeas petition alleges that Petitioner was not indicted by a grand jury as required by the Fifth Amendment to the United States Constitution. Although this claim appears to be time-barred and unexhausted, neither the exhaustion requirement, nor the statute of limitations, is jurisdictional. *See White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005) (stating that "the exhaustion requirement is not a jurisdictional one but rather is an issue of comity between federal and state courts"), *petition for cert. filed*, 75 U.S.L.W. 3061 (July 20, 2006) (No. 06-128); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.) (noting that the one-year habeas statute of limitations is not jurisdictional), *cert. denied*, 543 U.S. 865 (2004). It is easier to adjudicate

Petitioner's claim than to analyze the implications of the statute of limitations. And it would be a waste of time and judicial resources to require exhaustion of state remedies because Petitioner's claim is frivolous. The Court, therefore, will excuse the procedural problems presented here and go directly to the merits of Petitioner's claim.

The claim lacks merit because the Supreme Court held in *Hurtado v. California*, 110 U.S. 516 (1884), that "the Due Process Clause did not make applicable to the States the Fifth Amendment's requirement that all prosecutions for an infamous crime be instituted by the indictment of a grand jury." *Albright v. Oliver*, 510 U.S. 266, 272 (1994). Stated differently, "the Fifth Amendment right to a grand jury does not apply to state prosecutions . . . ." *Aldridge v. Marshall,* 765 F.2d 63, 68 (6th Cir. 1985). Consequently, Petitioner is not in custody in violation of the Constitution, 28 U.S.C. §§ 2241(c)(3) and 2254(a), and the state court's decision affirming Petitioner's convictions is not contrary to Supreme Court precedent. The habeas petition is summarily DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated: August 22, 2006

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 22, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---